UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

THE UNIVERSITY OF THE SOUTH,

    Plaintiff,

-against-

RUDINPLAY, INC., and LAURETTE BROADWAY, LLC,

    Defendants.

Case No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff The University of the South (the "University"), by its attorneys, complains and alleges against Rudinplay, Inc. ("Rudinplay") and Laurette Broadway, LLC ("Laurette") as follows:

### Nature of the Action

1. This is an action for breach of contract stemming from Rudinplay's willful and ongoing refusal to fulfill its clear contractual obligations to the University, including to pay the University royalties in an amount not less than $305,383.78, in connection with Rudinplay's live stage production of Tennessee Williams' play *The Glass Menagerie* on Broadway in New York City (the "Production").

### Parties

2. The University is an educational institution and a Tennessee corporation with its principal place of business in Sewanee, Franklin County, Tennessee. In addition to being an institution of higher learning, it is the proprietor of worldwide intellectual property rights in the works of the late American playwright Tennessee Williams.

3. Defendant Rudinplay, Inc. is a New York corporation with its principal place of business in New York, New York. It is a theater production company whose principal is film and theater producer Scott Rudin.

4. Defendant Laurette is a New York limited liability company with its principal place of business in New York, New York, and purportedly is the assignee of Rudinplay's contractual rights and obligations as set forth herein. The University did not consent to the assignment to Laurette, nor was it aware of such assignment until December 14, 2017.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) because there is complete diversity between the University (a corporation organized under the laws of the State of Tennessee and having its principal place of business in Tennessee), on the one hand, and Rudinplay and Laurette (companies organized under the laws of New York and having their principal places of business in New York, New York), and because the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Rudinplay because, pursuant to paragraph 19 of the Contract between the University and Rudinplay at issue in this lawsuit (as defined below), Rudinplay consented to personal jurisdiction by the state and federal courts in the State of Tennessee with respect to any dispute arising out of the Contract.

7. This Court also has personal jurisdiction over Rudinplay because Rudinplay and Laurette transact business within this District, and have caused injury to the University in this District.

8. The Court has personal jurisdiction over Laurette because, pursuant to paragraph 31 of the Contract between the University and Rudinplay at issue in this lawsuit (as defined

04129_00/1702/JGJ-3202112_1
Case 1:17-cv-00349-JRG-SKL   Document 1   Filed 12/21/17   Page 2 of 9   PageID #: 2

below), the parties' respective successors and assigns are bound by the Contract (including paragraph 19 thereof), and Laurette is an assignee of Rudinplay.

9. Venue is proper in this District as to Rudinplay because, pursuant to paragraph 19 of the Contract referenced in paragraph 5 (as defined below), proper venue for any dispute arising out of the Contract shall lie in a state court located in Franklin County, Tennessee, or in a federal court located in the Eastern District of Tennessee.

10. Venue is proper in this District as to Laurette because, pursuant to paragraph 31 of the Contract between the University and Rudinplay at issue in this lawsuit (as defined below), the parties' respective successors and assigns are bound by the Contract (including paragraph 19 thereof), and Laurette is an assignee of Rudinplay.

11. Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Rudinplay and Laurette are doing and/or transacting business in this District; because a substantial part of the events giving rise to the claims alleged herein occurred in this District; and because the University has incurred damages in this District.

**Factual Background**

12. The University, founded in 1857, is a private, co-educational liberal arts college located in Sewanee, Tennessee. In 1895, Rev. Walter E. Dakin, grandfather of famed playwright Tennessee Williams, studied at the University's School of Theology.

13. Williams is a two-time Pulitzer Prize winner, who is considered one of the most prolific and highly regarded American playwrights. His credits include *The Glass Menagerie*, *A Streetcar Named Desire*, and *Cat on a Hot Tin Roof*.

14. Upon his death, Williams bequeathed his estate to the University as a memorial to his grandfather, and to encourage creative writers. This estate included the copyrights to his plays, screenplays, poems, letters, and stories.

15. In Williams' honor, the University erected the Tennessee Williams Center, which houses the University's theater department. Theatrical productions mounted in the Center include Williams' own plays, as well as the works of aspiring playwrights.

16. *The Glass Menagerie* (the "Work"), one of Williams' most famous plays, is a five-character play featuring characters based on Williams' own family.

17. On or about July 25, 2016, the University and Rudinplay entered into a Memorandum of Agreement (the "Contract") concerning Rudinplay's development of the Work for live stage performances, including the Production.

18. The Contract granted Rudinplay the sole and exclusive right to produce the Work on the professional live stage in the United States and Canada for a thirty-month period, subject to certain conditions.

19. Pursuant to paragraph 5 of the Contract, Rudinplay was obligated to pay the University royalties amounting to 6% for all paid performances up to and including the official opening night, and thereafter 7.5% on all performances starting with the first performance following the official opening night (and rising to 10% after satisfaction of certain other financial conditions) (the "Royalties").

20. Pursuant to paragraph 14 of the Contract, Rudinplay was obligated to provide the University with box office settlement statements for each week of the Production (the "Statements") no later than the Friday following the end of each week in which performances have been given.

21. Pursuant to paragraph 22 of the Contract, Rudinplay was obligated to maintain full and accurate accounting records relating to the Production (the "Accounting Records") and the University was granted rights to inspect and audit the Accounting Records.

22. Pursuant to paragraph 9(d) of the Contract, Rudinplay was obligated to place an advertisement in the Production's playbill (the "Playbill") describing the University's relationship to the works of Tennessee Williams (the "Ad").

23. The Production ran on Broadway in New York City from February 7, 2017 through May 21, 2017, and starred Sally Field and Joe Mantello.

24. The Production earned at least $5,436,397 in gross box office receipts, which, pursuant to the formula set forth in the Contract (and less an option payment Rudinplay paid to the University under paragraph 3 of the Contract), total at least $305,383.78 (the "Royalty Amount") that Rudinplay owes to the University.

25. Despite several requests by the University and its agents, and Rudinplay's clear contractual obligation to remit such payment, Rudinplay has not paid the University any of the Royalties due under the Contract.

26. Rudinplay has not provided any Statements or Accounting Records as required by the Contract.

27. Rudinplay failed to include the Ad in the Production's Playbill, and therefore the Production's audience did not have access to information in the Playbill concerning the relationship between the University and the works of Tennessee Williams.

28. On November 6, 2017, the University served a notice of default ("Notice of Default") on Rudinplay and Rudinplay's counsel in accordance with the default and notice requirements contained in paragraphs 17 and 26 of the Contract, respectively.

29. Specifically, the Notice of Default advised Rudinplay of its various material breaches and demanded that Rudinplay cure those breaches.

30. Counsel for the University also sent the Notice of Default and a detailed demand letter to Rudinplay's counsel outlining Rudinplay's material breaches.

31. Rudinplay failed to cure the material breaches set forth in the Notice of Default within the 14-day period provided for by the Contract and as provided for in the Notice of Default.

32. On December 21, 2017, the University served a notice of Termination ("Notice of Termination") on Rudinplay, Laurette, and their counsel in accordance with the termination and notice requirements contained in paragraphs 17 and 26 of the Contract, respectively. Consequently, Rudinplay's license in the Work terminated, and all Rudinplay's rights with respect to the Work immediately reverted to the University, if such rights had not already reverted to the University by operation of other provisions of the Contract.

33. The University has attempted to work with Rudinplay and its agents and representatives, but Rudinplay has acted in bad faith, simply ignoring its inexcusable conduct.

34. In its dealings with the University, Rudinplay at all times held itself out as the entity undertaking the obligations set forth in the Contract, and at no time did Rudinplay express to the University that a purported assignment had been made to any other company, including without limitation, Laurette, nor has the University had any dealings, direct or indirect, with Laurette or anyone purporting to work for Laurette. Consequently, the University lacks sufficient information to determine whether the purported assignment is proper under the terms of the Contract.

## COUNT I – BREACH OF CONTRACT

35. The University incorporates and restates by reference the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

36. Rudinplay entered into the Contract – a valid and binding agreement – with the University, pursuant to which Rudinplay agreed to undertake various obligations, including to pay the Royalties.

37. Rudinplay wrongfully and materially breached the Contract by failing to pay any of the Royalties to date.

38. Because of Rudinplay's material breach of the Contract, Rudinplay has caused the University actual damages in an amount to be proven at trial but not less than the Royalty Amount of $305,383.78.

39. Rudinplay further wrongfully and materially breached the Contract by failing to provide the University with the Statements or Accounting Records.

40. Rudinplay further wrongfully and materially breached the Contract by failing to include the Ad in the Playbill, which has caused damage to the University (in an amount to be determined at trial) in the form of loss of good will and loss of potential licensing opportunities in connection with Tennessee Williams properties.

41. The University provided Rudinplay with a Notice of Default and an opportunity to cure in accordance with paragraphs 17 and 26 of the Contract. Rudinplay failed to cure within the applicable period.

42. The University served Rudinplay and Laurette with the Notice of Termination in accordance with paragraphs 17 and 26 of the Contract.

43. The University has fully performed all its duties and fulfilled its obligations under the Contract.

44. The University is not in breach of any provision of the Contract.

45. Laurette is in breach of the Contract for the reasons Rudinplay is in breach thereof, assuming it is a proper assignee pursuant to paragraph 31 of the Contract.

46. Because of Rudinplay's material breaches of the Contract, the University has suffered damages in a total amount to be determined at trial, but in no event less than the Royalty Amount of $305,383.78, plus interest, and amounts to be determined in connection with other incidental and consequential damages related to the other material breaches set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, the University respectfully requests that the Court find:

1. that Rudinplay and/or Laurette materially breached the Contract by violating the above-mentioned provisions of the Contract;

2. that Rudinplay and/or Laurette are liable to the University for actual, incidental, and consequential damages resulting from their material breaches of the Contract, in an amount to be determined at trial, but in no event less than the Royalty Amount of $305,383.78, plus interest;

3. the Contract, having been materially breached and such breaches having not been cured, is terminated and all rights granted to Rudinplay and Laurette, by assignment (if any), thereunder are terminated and immediately revert to the University;

4. that Rudinplay and Laurette shall be permanently enjoined from further exercising any of the rights granted to them under the Contract or from otherwise making any use of the Work, whether in live stage productions or otherwise, or causing any third party to do so; and

5. that such other relief as this court may deem just and proper is awarded.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the University demands a trial by jury on all issues so triable in this action.

Dated: Chattanooga, Tennessee
December 21, 2017

CHAMBLISS, BAHNER & STOPHEL, P.C.

*/s/ John G. Jackson*
John G. Jackson, TN Bar No. 013840
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Telephone: (423) 757-0246
Facsimile: (423) 508-1246
Email: jjackson@chamblisslaw.com

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

Scott J. Sholder (*pro hac vice* to be filed)
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
Facsimile: (212) 974-8474
Email: SSholder@cdas.com

*Attorneys for The University of the South*